**In the Matter of the Petition of Jose Dominguez REGO for Naturalization.**

**Jose Dominguez Rego, Appellant.**

**No. 13375.**

United States Court of Appeals Third Circuit.

Argued Feb. 9, 1961.

Decided April 11, 1961.

Amerigo D'Agostino, Newark, N. J., for appellant.

Charles H Hoens, Jr., Asst. U. S. Atty., Newark, N. J. (Chester A. Weidenburner, U. S. Atty., Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., on the brief), for appellee.

Before BIGGS, Chief Judge, and STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This is an appeal from a judgment of a district court denying the petition for naturalization of appellant Jose Dominguez Rego, a Spanish national. Appellant was born in Spain in 1930. He was lawfully admitted to the United States for permanent residence in 1947 and has remained in this country ever since. The questions in issue concerning his eligibility for naturalization grew out of his efforts to obtain exemption from service in the armed forces of the United States by reason of his Spanish nationality.

Having duly registered for selective service as required by law and having

been classified 1-A, Dominguez Rego wrote his draft board on June 29, 1951, asking that he be exempted from military service because of a treaty between the United States and Spain wherein each country agreed to excuse from its military service resident nationals of the other who had taken no formal steps to acquire citizenship. The Board instructed appellant that a request for his exemption should be submitted to the State Department by a Spanish consul. This was done and in regular course appellant's application was approved by the local board and he was placed in selective service classification IV-C as a treaty alien exempt from selective service.

After the Immigration and Nationality Act of 1952 had made certain changes in the law concerning the exemption of aliens and the effect of such exemption upon their eligibility for naturalization, appellant, acting at the suggestion of his local board, signed Form SSS–52–111 wherein he acknowledged reading and understanding the relevant provisions of the new statute and applied for exemption pursuant to it. The Board took no action pursuant to this application but merely permitted appellant's IV-C classification to stand.

On April 24, 1956, appellant was reclassified 1-A and on June 5, 1956 he was inducted into the army. He remained on active duty until June 11, 1958 when he was transferred to the United States Army Reserve, of which he is still a member.

On August 15, 1958, Dominguez Rego filed the present petition for naturalization. On the facts outlined above, and after considering conflicting recommendations of the Designated Naturalization Examiner and the Regional Commissioner of the Naturalization and Immigration Service concerning the petitioner's eligibility for naturalization, the district court held that Section 4(a) of the Selective Service Act of 1948, as amended, made Dominguez Rego ineligible to acquire United States citizenship. This appeal followed. Both the appellant and the United States now tell us that the court below improperly decided this question of eligibility, although they give different reasons for this conclusion.

Two statutes may have bearing on this problem. They are Section 4(a) of the Selective Service Act of 1948, as amended, 50 U.S.C.A.Appendix, § 454(a), upon which the court below relied, and Section 315(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1426 (a). We shall consider them separately.

In our judgment Section 315(a) of the 1952 Act, does not make appellant ineligible for citizenship. It reads:

"Notwithstanding the provisions of section 405(b) of this Act, any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States."

On its face this section makes an alien ineligible for citizenship only if two distinct things shall have occurred. First, he must have applied for exemption from military service on the ground that he is an alien and, second, he must have been "relieved" from such service on that ground. See Ceballos v. Shaughnessy, 1957, 352 U.S. 599, 606, 77 S.Ct. 545, 1 L.Ed.2d 583. Thus, this section can effect appellant's status only if the record establishes that as a result of his application he was "relieved from service".

The fact here is that Dominguez Rego was classified as exempt from military service from October 16, 1951 until April 24, 1956. But, thereafter, he was reclassified, inducted and required to serve the full term of a selectee in the United States Army. Thus, the result of his efforts to obtain exemption was not the avoidance of compulsory military service but only the postponement of such required service for several years. To postpone induction in this way is not.

in our view, to "relieve" the individual of the required service. It is possible to interpret relief from military service as broad enough to include such postponement of service. But the more normal reading of the language limits the conception of relief from service to a successful permanent avoidance of that imposition.

It is also to be considered that the deprivation of the privilege of acquiring citizenship, which an alien in permanent residence normally enjoys, is a substantial penalty. A statute which attaches such a penalty to certain conduct should be construed strictly to avoid an imposition which goes beyond the manifest intent of Congress. Cf. United States v. Minker, 1956, 350 U.S. 179, 76 S.Ct. 281, 100 L.Ed. 185; Mangaoang v. Boyd, 9 Cir., 1953, 205 F.2d 553, certiorari denied 346 U.S. 876, 74 S.Ct. 129, 98 L.Ed. 384. Certainly such a statute should not be given an unnecessarily broad construction in order to make it apply to circumstances not plainly covered. We conclude, therefore, as did the Court of Appeals for the Second Circuit in a case indistinguishable from ours in this respect, that a registrant has not been "relieved" of military service within the meaning of Section 315(a) if, after a period of exemption, he has been drafted for and has served a full term in the army. United States v. Hoellger, 2 Cir., 1960, 273 F.2d 760, 762.

We turn now to Section 4(a) of the 1948 Selective Service Act, as amended in 1951 before Dominguez Rego first applied for exemption. There is a question of possible retroactive supercession of this section by Section 315(a) of the 1952 Act because that subsequent enactment speaks in terms of a registrant who "is or was" relieved from service. See Petition of Mirzoeff, 2 Cir., 1958, 253 F. 2d 671. But it has been reasoned that a status of ineligibility which came into existence under Section 4(a) of the 1948 Act, as amended, could carry over as a bar to naturalization after the 1952 Act had substituted a different and more liberal standard of debarment. United States v. Hoellger, supra, 273 F.2d at pages 763–764, note 3. For present purposes we assume, but do not decide, that any status of ineligibility which arose before 1952 under the earlier statute would persist despite the retroactive language of Section 315(a) of the 1952 Act.

Under Section 4(a) of the 1948 Act, actual avoidance of service was not relevant. This section debarred certain aliens from becoming citizens if they merely made application for relief from military service because of foreign citizenship. The section began with a requirement that "every male citizen of the United States and every male alien admitted for permanent residence", who is between the ages of 18 and 26, shall register and shall be liable for military service. In addition, it was provided:

"That any male alien * * * who has remained in the United States in a status other than that of a permanent resident for a period exceeding one year * * * shall be liable for training and service in the Armed Forces * * * except that any such alien shall be relieved from [such] liability * * * if, prior to his induction into the Armed Forces he has made application to be relieved from such liability in the manner prescribed by and in accordance with rules and regulations prescribed by the President; but any alien who makes such application shall thereafter be debarred from becoming a citizen of the United States." 50 U. S.C.A.Appendix, § 454(a).

For present purposes the important feature of this section is the distinction made between aliens admitted for "permanent residence" and aliens who remained in the United States in a status other than that of a permanent resident. Permanent resident aliens were treated like citizens in that they had the same unqualified obligation to render military service as did citizens. Only aliens not in permanent residence were privileged to be relieved of military service if they

so requested.[1] But in authorizing such a request Congress imposed debarment from naturalization as a consequence thereof. We read the final clause of the section as meaning that a formal request for exemption by a member of the class of aliens authorized to obtain such relief on application debarred the applicant from future naturalization. Indeed, the reference in that clause to "any alien who makes such application" logically included only aliens who were not permanent residents, for only they were authorized to claim this exemption. Thus, the debarment clause, like the exemption clause which it qualified, simply did not pertain to the alien who had acquired permanent residence and had been in the same selective service category as a citizen.

Admittedly Rego had been a permanent resident of the United States since 1947. True, apparently relying upon a treaty between Spain and the United States providing for the exemption of nationals of each country from military service in the other and the Executive Order implementing that treaty, appellant's local board for a time disregarded the plain terms of the Selective Service Act and classified appellant as exempt from military service. But for present purposes this temporary disregard of the selective service law is of no consequence. All that matters is that Dominguez Rego was not a member of that class of aliens "in the United States in a status other than that of a permanent resident", to which the proviso imposing debarment from naturalization applied.

The record below indicates that the two statutes we have found inapplicable to appellant's case are the only reasons which have been advanced for denying his petition for naturali⌐ 'ion. No additional reason was suggesued in briefs or at argument on appeal. However, the government urges that the court below should be given an opportunity to consider "the effect of the subsequent service in the Armed Forces of the United States" on the rights of the appellant. Such reconsideration in the court below would be pointless in the light of our ruling that Section 315(a) is not controlling in the agreed circumstances of this case.

Accordingly, the judgment will be reversed.

---

1. This scheme was also followed in Section 6(a) as amended, 50 U.S.C.A.Appendix, § 456(a), which, while empowering the President to exempt certain other classes of aliens from military service, specified "that aliens admitted for permanent residence * * * shall not be so exempted". See United States v. Rumsa, 7 Cir., 1954, 212 F.2d 927, 932, certiorari denied 348 U.S. 838, 75 S.Ct. 36, 99 L.Ed. 661.