Accordingly, the petition for writ of habeas corpus will be denied.

**In re Petition for Naturalization of John Barris MONTEIRO.**

**Petition No. 226864.**

United States District Court
E. D. Pennsylvania.

April 7, 1967.

George Gershenfeld, Harvey Steinberg, Philadelphia, Pa., for petitioner.

Sidney B. Majure, Immigration and Naturalization Service, Philadelphia, Pa., for respondent.

OPINION

FULLAM, District Judge.

The issue in this naturalization proceeding is whether the petitioner is rendered ineligible for citizenship under the provisions of § 315 of the Immigra-

tion and Nationality Act of 1952 (8 U.S.A. § 1426), which bars from citizenship "any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces * * * of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground. * * *."

■ We recognize that this statute imposes a very severe penalty and must therefore be strictly construed. Petition of Rego, 289 F.2d 174 (3d Cir. 1961); and the record in this case makes it clear that the petitioner, who has lived in this country since 1917 (when he was about three years old) would undoubtedly be an excellent citizen and is in all other respects eminently qualified for the privilege of citizenship. But no amount of strict construction or sympathetic interpretation can change the facts.

The record discloses that the petitioner duly registered for the draft in 1940 and was classified 1A. He apparently initiated some inquiries about the possibilty of enlisting in the Armed Services at that time, but did not actually take any action to change his alien status or to enlist. On September 2, 1942, the petitioner was called up for his physical examination, and passed. Thereupon, on September 10, 1942, he filled out and filed form 301, requesting exemption from the draft because he was a neutral alien. On September 28, 1942, he was reclassified as 4C and so notified.

None of the foregoing facts stand contradicted or in any way impeached on this record. It is thus quite clear that the petitioner did in fact apply for exemption on the basis of his alien status, was granted such exemption, and as a result did not serve in the Armed Services at any time.

The only argument made in petitioner's behalf is that, although he was ex-cused from military service because of alienage, and although he may have initiated the request by which this was accomplished, nevertheless the prohibition of § 315 of the Act of 1952 is not applicable because there is no showing that the petitioner actually signed the form 301 request.

It is correct that the form 301 in the file does not bear petitioner's signature at the end thereof, nor was it sworn to. However it is admitted of record that the petitioner did fill out this form, including his own name in his own handwriting in the body of the form. It also appears that, at the same time that form 301 was filled out and lodged with the Board, the petitioner filled out and signed and filed with the Board a form 304 which included the statement that the petitioner objected to serving in the Armed Forces. This latter form was signed at its end, and sworn to.

It is quite clear that the 301 form was treated by all concerned as having been fully executed by the applicant. Under date of September 16, 1942, it was forwarded to the Immigration and Naturalization Service in Washington and, as mentioned above, petitioner was in fact reclassified as exempt from the draft because of his alien status.

■ Under these circumstances, it is obviously of no moment that the petitioner failed to sign the 301 form at the end. He admits that the body of the form was filled out in his handwriting, and the record clearly establishes delivery. The statute under consideration does not specify any particular form of application. There can be no doubt that the requirements of the statute are present in this case.

Accordingly, we have no choice in the matter, but must carry out the clear mandate of Congress.

The petition is dismissed.